# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DAVID W. FRAME,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:09cv458-RH/WCS**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On November 25, 2009, the *pro se* Plaintiff initiated this case by filing a civil rights complaint, doc. 1. After review, I entered an order that advised Plaintiff of the deficiencies with the complaint and gave him an opportunity to submit an amended complaint. Doc. 6. Plaintiff's amended complaint has now been reviewed.

Plaintiff's amended complaint deletes the three persons previously named as Defendants, *cf.* doc. 1, and substitutes only the United States of America as the Defendant. Doc. 7. The events about which Plaintiff complains are the same as was presented in the original complaint.

Plaintiff was in the Navy in 2001 when he was diagnosed with several medical problems and given prescriptions. Doc. 7, p. 5. He continued taking the medications for the next several years. *Id.* On July 2, 2003, Plaintiff was arrested while onboard the U.S.S. Underwood and charged with several serious crimes, included capital sexual battery on a person under sixteen years of age. Doc. 7, p. 6. Plaintiff was taken to the Duval County Jail where he spent the next 66 days until September 2, 2003. He then posted bond after the State of Florida dropped the capital sexual battery charge down to first degree sexual battery. *Id.*

Plaintiff returned to the Navy and, while meeting with a Navy lawyer, was advised that the Captain of the U.S.S. Underwood wanted Plaintiff out of the United States Navy as soon as possible, based on the crimes charged against Plaintiff. *Id.*, at 7. Plaintiff maintained his innocence but he was "processed" out of the Navy. *Id.*, at 8. Plaintiff alleges that on May 28, 2004, he was discharged from the Navy with an "other-than-honorable discharge based on the two sex crimes" he has no recollection of committing. *Id.*

A week later, on June 4, 2004, the State of Florida amended the information and added two lewd and lascivious charges. Doc. 7, p. 8. Ultimately, Plaintiff entered a "best interest plea" and was sentenced to six years in state prison. *Id.*, at 9. Plaintiff does not identify the crimes for which he entered the plea.

Plaintiff alleges that in April of 2007, "while researching law in the prison law library, [he] finally came to realize why [he] could never committing the sex crimes for which [he] was convicted." *Id.*, at 9. Plaintiff contends that he was involuntarily

intoxicated on the psychiatric drugs prescribed to him by the Navy, and asserts that as the reason he committed sex crimes against his oldest daughter. *Id.,* at 9-10.

In August of 2009, Plaintiff filed a Application for the Review of Discharge, seeking to have his "discharge reviewed and changed from Other-Than-Honorable to" an Honorable Discharge. *Id.*, at 9. As of January, 2010, a decision has not been rendered on that application. *Id.*

Plaintiff seeks a declaration from this Court that the "acts and omissions described herein violated Plaintiff's rights under the Constitution" and monetary damages from the United States of America. *Id.*, at 10. He also seeks the return of his active duty pay, accrued sea or leave pay, and retirement pay with benefits. *Id.*, at 11.

In Chappell v. Wallace, 462 U.S. 296, 305, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), the Supreme Court held that enlisted military personnel could not recover monetary damages from superior officers for injuries sustained as a result of violations of constitutional rights through a *Bivens*-type suit. This was an extension of the holding in Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which held that the Federal Tort Claims Act was inapplicable to claims for injuries by a member of the armed forces which "arise out of or are in the course of activity incident to service." The military occupy a unique position in the United States, with specialized regulations and procedures, including military administrative procedures. "The special status of the military has required, the Constitution contemplated, Congress has created and this Court has long recognized two systems of justice, to some extent parallel: one for civilians and one for military personnel." Chappell, 462 U.S. at 303, 103 S.Ct. at 2367. That specialized community has been afforded its own system of procedures and

remedies set forth in the Uniform Code of Military Justice. 462 U.S. at 302-03, 103 S.Ct. at 2366-67. Relief is not appropriate in this Court and this case must be dismissed for lack of subject matter jurisdiction.

Moreover, as noted above, Plaintiff's claims concern an injury (being prescribed medications by military physicians which Plaintiff believes rendered him intoxicated) while serving in the Navy. Such action and the resulting harm is "incident to service" and any damages are barred by sovereign immunity. *See, e.g.*, Ricks v. Nickels, 295 F.3d 1124, 1127-1128 (10 Cir. 2002), *relying on* Feres, *supra*, and *citing* United States v. Stanley, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987) (applying *Feres* to bar *Bivens* claims for damages against military and civilian officials for injuries resulting from the military's intentional administration of LSD to unwitting volunteer); United States v. Johnson, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (applying *Feres* to bar an Federal Tort Claims Act claim against the United States alleging negligence by civilian employees of the Federal Aviation Administration); United States v. Shearer, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985) (applying *Feres* to FTCA claim arising from the decedent service member's murder committed by a fellow service member which occurred off-duty and off-base); Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977) (applying *Feres* to bar defendant corporation's cross-claim against United States for indemnification of service member's injuries arising from military activities); Pringle v. United States, 208 F.3d 1220 (10th Cir .2000) (*per curiam*) (applying *Feres* to an FTCA claim for injuries sustained from a beating after plaintiff service member was ejected from a military club); Quintana v. United States, 997 F.2d 711 (10th Cir. 1993) (applying *Feres* to reserve

service member's medical malpractice FTCA claim for injuries sustained from military training).

In addition, because Plaintiff's application to have his discharge changed to an honorable discharge is still pending, this case is not ripe. Until Plaintiff has received a decision from the military, judicial review of his claim, even if available, has not arisen.

Finally, this case must be dismissed because it would be, in effect, a collateral attack on Plaintiff's conviction. It is clear that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). In Heck, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372.

Here, Plaintiff contends that the Navy caused him harm by prescribing psychiatric drugs which resulted caused involuntary intoxication. Plaintiff may not raise that argument as a defense and seek to undermine his conviction in a civil rights action. An attack on a valid conviction must first be brought through the filing of a habeas petition under 28 U.S.C. § 2254. Because Heck has clearly held that there is a "favorable termination requirement" in a § 1983 action which, in this case, Plaintiff has not shown, *see* Harden, 320 F.3d at 1294, this case must be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), because the claims are barred by Heck v. Humphrey, and because any challenge to Plaintiff's discharge from the Navy is not ripe, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**